# EXHIBIT A

Brian E. Hawes (SBN 104519)
Law Offices of Brian E. Hawes
1900 S. Norfolk Street, Suite 350
San Mateo, CA 94403
Telephone: (650) 320-1616
Facsimile: (650) 763-8745
brian@haweslawfirm.com

Attorney for Plaintiff
Octavio Vera

ENDORSED
FILED
ALAMEDA COUNTY

FEB 18 2016

CLERK OF THE SUPERIOR COURT
By _____ Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

| | |
|---|---|
| OCTAVIO VERA,<br><br>    Plaintiff,<br><br>vs.<br><br>WASTE MANAGEMENT COLLECTION AND RECYCLING, INC. dba VALLEY WASTE MANAGEMENT; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No. RG16804197<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>(Violation of Government Code Sections 12940 et seq.; Termination in Violation of Public Policy; Violation of 29 U.S.C. Sections 621-634) |

### GENERAL ALLEGATIONS

1.   Plaintiff is informed and believes and on that basis alleges that at all times mentioned in this complaint, defendant Waste Management Collection and Recycling, Inc. dba Valley Waste Management (hereinafter "Waste Management") was a corporation licensed to do business and doing business in the County of Alameda, California.

2.   Defendants Does 1 - 100 are fictitiously named defendants whose names and identities are presently unknown to plaintiff. Plaintiff will amend his complaint to allege the true names and capacities of the fictitiously named defendants and the charging allegations when the same are

1

Octavio Vera v. Waste Management Collection and Recycling, Inc., et al.            Complaint for Damages and Demand for Jury Trial

ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this complaint, and that plaintiff's damages as herein alleged were proximately caused by those defendants.

3.  At all times mentioned in this complaint, defendants Does 1 through 100 were the owners, partners, agents, servants, directors, and/or employees of their codefendants, and in doing the things hereinafter alleged were acting in the scope of their authority as owners, partners, agents, servants, directors, and/or employees, and with the permission and consent of their codefendants.

4.  At all times mentioned in this complaint, defendant Waste Management was an employer within the definition of California law, and plaintiff was at all times herein an employee of said defendant within the definition of California law.

5.  At all times mentioned in this complaint, Does 1 through 100 were persons and/or business entities acting as plaintiff's employer or were persons and/or business entities acting on behalf of plaintiff's employer.

6.  Plaintiff was employed by Waste Management as a driver. Plaintiff had been an employee of defendant for approximately 18 years.

7.  In or about November 2014 plaintiff was notified that defendant Waste Management would not be seeking an extension of its existing service agreement with Central Contra Costa Solid Waste Authority for collection of waste in certain parts of Contra Costa County, California. Defendant advised plaintiff that it would cease hauling operations in Walnut Creek, California by February 28, 2015. Defendant Waste Management also advised plaintiff and other employees who worked out of the Walnut Creek Facility that it may offer certain employees the opportunity to transfer from the Walnut Creek Facility to the Oakland Facility.

8.  On or about February 28, 2015 plaintiff along with other employees working at the Walnut Creek Facility were terminated from their employment with defendant Waste Management.

9.  At the time plaintiff was terminated from his employment with defendant Waste Management he was 58 years old.

10. In spite of the fact that plaintiff had seniority over approximately 80% of the

2

employees who were subsequently offered employment with defendant and/or transferred by defendant to the Oakland Facility, defendant refused to offer plaintiff a job with defendant and/or to transfer plaintiff to the Oakland Facility.

11. Plaintiff suffered anxiety, depression, and severe emotional distress as a result of defendant's conduct.

## FIRST CAUSE OF ACTION

### (Violation of Government Code Sections 12940 et seq.)

### (Wrongful Discharge Based on Age)

12. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 11, as applicable, as if set forth in full.

13. At all times herein mentioned Government Code sections 12940 et seq. were in full force and effect and were binding on defendants. These sections prohibit defendants from refusing to hire or employ a person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment on the basis of his age.

14. Plaintiff's age, i.e. over 40, was a factor in defendant's refusing to offer plaintiff a job with defendant and/or to transfer plaintiff to the Oakland Facility, in violation of Government Code section 12940.

15. Within the time provided by law, plaintiff filed a complaint with the California Department of Fair Employment and Housing, in full compliance with these sections, and received a right-to-sue letter, a copy of which is attached hereto as Exhibit 1. Therefore, plaintiff has exhausted his administrative remedies.

16. As a proximate result of defendant's conduct as herein alleged, plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

17. As a proximate result of defendant's conduct as herein alleged, plaintiff has suffered and continues to suffer emotional distress and mental pain and anguish, all to his damage in a sum

3

according to proof.

18. In doing the acts herein alleged, defendant acted with oppression and/or malice and in conscious disregard of plaintiff's rights. As such plaintiff seeks punitive and exemplary damages.

19. Plaintiff has incurred and continues to incur legal expenses and attorney fees for which plaintiff seeks recovery. Plaintiff is personally unaware of the exact amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

## SECOND CAUSE OF ACTION

**(Violation of Government Code Sections 12940 et seq.)**

**(Discrimination Based on Age)**

20. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 19, as applicable, as if set forth in full.

21. At all times herein mentioned Government Code sections 12940 et seq. were in full force and effect and were binding on defendants. These sections prohibit defendants from refusing to hire or employ a person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment on the basis of his age.

22. In refusing to offer plaintiff a job with defendant and/or to transfer plaintiff to the Oakland Facility, in violation of Government Code section 12940, defendant discriminated against plaintiff because of his age, i.e. over 40, as herein alleged, in violation of Government Code section 12940.

23. Within the time provided by law, plaintiff filed a complaint with the California Department of Fair Employment and Housing, in full compliance with these sections, and received a right-to-sue letter, a copy of which is attached hereto as Exhibit 1. Therefore, plaintiff has exhausted his administrative remedies.

24. As a proximate result of defendant's conduct as herein alleged, plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

4

25. As a proximate result of defendant's conduct as herein alleged, plaintiff has suffered and continues to suffer emotional distress and mental pain and anguish, all to his damage in a sum according to proof.

26. In doing the acts herein alleged, defendant acted with oppression and/or malice and in conscious disregard of plaintiff's rights. As such plaintiff seeks punitive and exemplary damages.

27. Plaintiff has incurred and continues to incur legal expenses and attorney fees for which plaintiff seeks recovery. Plaintiff is personally unaware of the exact amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

### THIRD CAUSE OF ACTION

(Termination in Violation of Public Policy –

California Government Code Section 12940)

28. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 27, as applicable, as if set forth in full.

29. At all times herein mentioned Government Code sections 12940 et seq. were in full force and effect and were binding on defendants. These sections prohibit defendants from refusing to hire or employ a person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment on the basis of his age.

30. California Government Code Section 12940 embodies fundamental, substantial and well-established public policies of the State of California.

31. In refusing to offer plaintiff a job with defendant and/or to transfer plaintiff to the Oakland Facility defendant discriminated against plaintiff because of his age, i.e. over 40, as herein alleged, in violation of Government Code section 12940.

32. As a proximate result of defendants' conduct as herein alleged, plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

33. As a proximate result of defendants' conduct as herein alleged, plaintiff has suffered

5

Octavio Vera v. Waste Management Collection and Recycling, Inc., et al.

Complaint for Damages and Demand for Jury Trial

and continues to suffer emotional distress, and mental pain and anguish, all to his damage in a sum according to proof.

34. In doing the acts herein alleged, defendants acted with oppression and/or malice and in conscious disregard of plaintiff's rights, and plaintiff seeks punitive and exemplary damages in an amount according to proof.

35. Plaintiff has incurred and continues to incur legal expenses and attorney fees for which plaintiff seeks recovery. Plaintiff is personally unaware of the exact amount of these expenses and fees and prays leaves of court to amend this complaint when the amounts are more fully known.

### FOURTH CAUSE OF ACTION

### (Termination in Violation of Public Policy -
### 29 U.S.C. Sections 621-634 - Age Discrimination in Employment Act - ADEA)

36. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 35, as applicable, as if set forth in full.

37. At all times herein mentioned 29 U.S.C. Sections 621-634 (ADEA) were in full force and effect and were binding on defendants. These sections prohibit defendants from discharging any employee on the basis of his age and/or refusing to hire an employee on the basis of age.

38. 29 U.S.C. Sections 621 - 634 embody fundamental, substantial and well-established public policies of the federal government.

39. In refusing to offer plaintiff a job with defendant and/or to transfer plaintiff to the Oakland Facility, defendant discriminated against plaintiff because of his age, i.e. over 40, as herein alleged, in violation of ADEA.

40. As a proximate result of defendants' conduct as herein alleged, plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

41. As a proximate result of defendants' conduct as herein alleged, plaintiff has suffered and continues to suffer emotional distress, and mental pain and anguish, all to his damage in a sum according to proof.

42. In doing the acts herein alleged, defendants acted with oppression and/or malice and in

6

conscious disregard of plaintiff's rights, and plaintiff seeks punitive and exemplary damages in an amount according to proof.

43. Plaintiff has incurred and continues to incur legal expenses and attorney fees for which plaintiff seeks recovery. Plaintiff is personally unaware of the exact amount of these expenses and fees and prays leaves of court to amend this complaint when the amounts are more fully known.

## FIFTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

44. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 43, as applicable, as if set forth in full.

45. Defendant's conduct as alleged herein was intentional, malicious and/or oppressive and done for the purpose of causing, or with reckless disregard of the probability of causing, plaintiff to suffer severe emotional distress and mental pain and anguish, and was done with a wanton and reckless disregard of the consequences to plaintiff.

46. As a proximate result of defendant's conduct as herein alleged, plaintiff has suffered and continues to suffer severe emotional distress, and mental pain and anguish, all to his damage in a sum according to proof.

47. In doing the acts herein alleged, defendant acted with oppression and/or malice and in conscious disregard of plaintiff's rights, and plaintiff seeks punitive and exemplary damages in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests relief as follows:

1. For compensatory damages, including lost wages and employment benefits according to proof;

2. For mental and emotional distress damages;

3. For general and special damages as may be appropriate;

4. For an award of interest, including prejudgment interest, at the legal rate;

7

5. For punitive and exemplary damages;

6. For an award of reasonable attorney fees;

7. For an award of costs and reasonable attorney fees pursuant to Government Code section 12965(b);

8. For costs of suit incurred herein; and,

9. For such other and further relief as the Court deems appropriate.

Dated: February 18, 2016

Law Offices of Brian E. Hawes

By: /s/ Brian E. Hawes
Brian E. Hawes, Attorney for
Plaintiff Octavio Vera

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of the causes of action and claims asserted herein.

Dated: February 18, 2016

Law Offices of Brian E. Hawes

By: /s/ Brian E. Hawes
Brian E. Hawes, Attorney for
Plaintiff Octavio Vera

8

EXHIBIT 1

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**          DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

August 26, 2015

Octavio Vera
320 Sherwood Drive
Brentwood California 94513

RE: Notice of Case Closure and Right to Sue
DFEH Matter Number: 641794-178429
Right to Sue: Vera / Waste Management Collection And Recycling, Inc. Dba Valley Waste Management

Dear Octavio Vera,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective August 26, 2015 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency   GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**   DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Enclosures

cc: Waste Management Collection And Recycling, Inc. Dba Waste Management Of Alameda County

Republic Services, Inc.